IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| KARI ANN B.,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>MARTIN O'MALLEY,<br>Commissioner of Social Security,<br><br>　　　　　　Defendant. | Case No. 1:24-cv-00067<br><br>MEMORANDUM DECISION AFFIRMING DECISION OF COMMISSIONER<br><br>Magistrate Judge Dustin B. Pead |

　　The parties in this case have consented to the undersigned conducting all proceedings.[1] Pursuant to 42 U.S.C. § 405(g), Plaintiff Kari Ann B.[2] ("Plaintiff") seeks judicial review of the decision of the Commissioner of Social Security ("Commissioner") denying her claims for disability insurance benefits under Title II of the Social Security Act ("Act"). The Administrative Law Judge ("ALJ") who considered Plaintiff's application determined she did not qualify as disabled.[3] Through her pending Motion for Review of Social Security Agency Action ("Motion"), Plaintiff argues the ALJ erred in his analysis of her migraines and suggests remand is appropriate.[4]

　　After careful review of the record and parties' briefs,[5] the undersigned concludes the

---

[1] ECF No. 5, Notice of Consent; 28 U.S.C. § 636(c).

[2] Based on privacy concerns regarding sensitive personal information, the court does not use Plaintiff's last name. Privacy concerns are inherent in many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. 49.1.

[3] Certified Tr. of Admin. R. ("Tr.") 7-22; ECF No. 7-2.

[4] ECF No. 10, Plaintiff's Motion for Review of Social Security Agency Action.

[5] *Id.*; ECF No. 14, Commissioner's Answer Brief. Plaintiff did not file a Reply Brief and the time to do so has expired. *See* ECF No. 12, Order Granting Stipulated Motion to Amend Administrative

1

Commissioner's decision is supported by substantial evidence. Accordingly, for the reasons discussed below, the court hereby AFFIRMS the decision of the Commissioner and DENIES Plaintiff's Motion for Review of Social Security Agency Action.[6]

## STANDARD OF REVIEW

Sections 405(g) and 1383(c)(3) of Title 42 of the United States Code provide for judicial review of the Commissioner's final decision. Judicial review "is limited to determining whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence."[7] "Failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is ground for reversal."[8]

An Administrative Law Judge's factual findings are "conclusive if supported by substantial evidence."[9] The threshold for evidentiary sufficiency under the substantial evidence standard is "not high."[10] Substantial evidence is "more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[11] "The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."[12] Under this

---

Appeal Scheduling Order.

[6] ECF No. 10.

[7] *Noreja v. Soc. Sec. Comm'r*, 952 F.3d 1172, 1177 (10th Cir. 2020) (quotation and citation omitted).

[8] *Jensen v. Barnhart,* 436 F.3d 1163, 1165 (10th Cir. 2005).

[9] *Biestek v. Berryhill,* 139 S. Ct. 1148, 1153, 203 L. Ed. 2d 504, 2019 U.S. LEXIS 2480 (2019).

[10] *Id*. at 1154.

[11] *Noreja,* 952 F.3d at 1178 (quoting *Grogan v. Barnhart,* 399 F.3d 1257, 1261 (10th Cir. 2005)); *see also Biestek* 139 S. Ct. at 1154.

[12] *Lax v. Astrue,* 489 F. 3d 1080, 1084 (10th Cir. 2007) (internal quotation marks omitted).

standard, the Court may neither reweigh the evidence nor substitute its judgment for that of the Administrative Law Judge.[13]

## APPLICABLE LAW

Under the Act, "disability" is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which is expected to result in death or last for at least twelve consecutive months.[14] A claimant is considered disabled if her impairments are so severe that she cannot perform past work or "any other kind of substantial gainful work."[15]

In determining whether a claimant qualifies as disabled, the ALJ utilizes a five-step sequential evaluation to consider whether:

1) the claimant is engaged in substantial gainful activity;

2) she has a severe medically determinable physical or mental impairment;

3) the impairment is equivalent to an impairment precluding substantial gainful activity as listed in the appendix of the relevant disability regulation;

4) she has the residual functional capacity to perform past relevant work; and

5) she has the residual functional capacity to perform other work, considering her age, education and work experience.[16]

In the first four steps of the sequential evaluation it is claimant's burden to establish

---

[13] *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014).

[14] 42 U.S.C. § 1382c(a)(3)(A).

[15] *Id.* § 1382c(a)(3)(B).

[16] *See* 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert,* 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); *Williams v. Bowen,* 844 F. 2d 748, 750-51 (10th Cir. 1988).

disability.[17] At step five, the burden shifts to the Commissioner to show that claimant retains the ability to perform other work in the national economy.[18]

## PROCEDURAL HISTORY

Plaintiff applied for benefits on October 25, 2021, alleging disability beginning August 1, 2020.[19] After an April 10, 2023 hearing before Administrative Law Judge Gerald Bruce,[20] Plaintiff was denied benefits as set forth in Judge Bruce's April 26, 2023 Social Security Administration Decision ("Decision").[21] As explained in the Decision, the ALJ determined Plaintiff was not disabled and denied an award of benefits.[22]

In reaching his decision the Administrative Law Judge followed the Commissioner's five-step sequential evaluation process for disability claims.[23] At Step two, the ALJ found Plaintiff had the severe impairments of benign paroxysmal vertigo and vestibular migraine.[24] The ALJ further concluded Plaintiff's hypothyroidism, anxiety and ADHD were controlled through medication and therefore designated them as non-severe.[25]

---

[17] *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

[18] *Id.*

[19] Tr. 153-159.

[20] Tr. 30-66, Hearing Transcript.

[21] Tr. 7-22, Social Security Administration Office of Hearings Operations Decision.

[22] *Id*.

[23] *Id.*; *see* 20 C.F.R. § 404.1520(a)(4) (outlining the process).

[24] Tr. 12. The ALJ concluded Plaintiff's hypothyroidism was non-severe because it was controlled through medication and did not cause more than minimal work related limitations. Likewise, the ALJ determined that Plaintiff's anxiety and ADHD "caused only mild limitation in concentrating, persisting, or maintaining pace and no limitation in the other broad areas of mental functioning described in the listings." *See* Tr. 13.

[25] Tr. 13.

At Step three, the ALJ found that Plaintiff's impairments did not meet or medically equal a per se disabling impairment.[26] Of particular relevance to Plaintiff's claims here, the Administrative Law Judge stated:

> There is no listing specific to vestibular migraine or benign paroxysmal vertigo and no acceptable medical source designated to make equivalency findings concluded that the claimant's impairment(s) medically equaled a listed impairment. I did consider listing 11.02 regarding her migraines and found the requirements for that listing were not met. Furthermore, the claimant's representative stated during the hearing that he is not advocating in favor of any medical listing.[27]

Between Step three and Step four, the Administrative Law Judge assessed Plaintiff's Residual Functional Capacity ("RFC") and limited Plaintiff to "light work"[28] with the ability to:

> occasionally climb ramps and stairs; [but to] never climb ladders, ropes, and scaffolds; she could occasionally balance; she could never be exposed to hazards such as unrestricted heights and dangerous moving machinery; she could be exposed to moderate noise as defined in the Selected Characteristics of Occupations (SCO); and, due to physical conditions, she was limited to simple work.[29]

Next at Step four of the Decision, the ALJ determined Plaintiff was unable to perform her past relevant work as actually or generally performed in the national economy.[30] However, the Vocational Expert ("VE") testified that jobs did exist for an individual of Plaintiff's age, education, work experience and residual functional capacity.[31] Based thereon, the ALJ concluded

---

[26] Tr. 21-22; 20 C.F.R. Part 404, Subpart P, Appendix 1 (the Listings).

[27] Tr. 13.

[28] 20 C.F.R. § 1567(b) (defining light work).

[29] *Id.* 20 C.F.R. §§ 404.1545(a)(1) ("Your residual functional capacity is the most you can still do despite your limitations.").

[30] Tr. 16-17. Plaintiff performed past relevant work consistent with that of a Collections Clerk (Dictionary of Occupational Titles, 241.357-010) and a Production Assembler (Dictionary of Occupational Titles, 706.687-010).

[31] *Id.*; Tr. 63-65.

Plaintiff was capable of adjusting to work as an office helper (Dictionary of Occupational Titles, 239.567-010), routing clerk (Dictionary of Occupational Titles, 222.687-022) and mail sorter (Dictionary of Occupational Titles, 209.687-026).[32]

Based thereon, the ALJ determined Plaintiff was not disabled under the Act from August 1, 2020, the disability onset date, through the Plaintiff's last date insured of March 31, 2021.[33]

## ANALYSIS

Plaintiff's primary claim is that the Administrative Law Judge erred at Step three of the sequential evaluation process by using "boilerplate language" to articulate findings that are "devoid of any meaningful analysis."[34] Despite finding her headaches severe, Plaintiff argues the ALJ's Decision fails to explain why the evidence did not satisfy Listing 11.02's requirements. For the reasons set forth herein, the court disagrees.

**At Step Three, The ALJ Considered Listing 11.02 In Conjunction With Plaintiff's Migraines.**

At Step three of the sequential evaluation process, the ALJ is tasked with determining whether a claimant's impairments meet or medically equal any of the "listings."[35] The listings encompass medical conditions that are so debilitating they warrant a finding of per se disability without consideration of the claimant's Residual Functional Capacity or the ability to perform past or other work.[36] A claimant will only be found per se disabled if she shows that an

---

[32] Tr. 18.

[33] *Id*.

[34] ECF No. 10 at 6.

[35] 20 C.F.R. §§ 404.1520(4)(iii); 404.1520a; 404.1525-404.1526. The listings are defined in the first appendix of the Social Security regulations. *See* 20 C.F.R. Pt. 404, Subpt. P., App'x 1 §§ 1.00 *et seq*.

[36] *See Sullivan v. Zebley,* 493 U.S. 521, 534, 110 S. Ct. 885, 107 L. Ed. 2d 967 (1990); *Lance Alan M. v. Kijakazi,* 2021 U.S. Dist. LEXIS 236560 at *9 (D. Kan. Dec. 10, 2021) ("The listings define

6

impairment, or combination of impairments, meets or equals all of the listing's requirements.[37] "For a claimant to show that his impairment matches a listing, it *must meet all* of the specified medical criteria. . . . [and] an impairment that manifests only some of those criteria, no matter how severe, does not qualify."[38]

There is no specific listing for headaches, but Social Security Regulation 19-4 provides that the agency may "find that a primary headache disorder, alone or in combination with another impairment(s), medically equals a listing."[39] In cases where migraines or migraine related symptoms are alleged, "consistency and supportability between the reported symptoms and the objective medical evidence is key in assessing the RFC."[40] "Epilepsy (Listing 11.02) is the most closely analogous listed impairment for a [Medically Determinable Impairment] of a primary headache disorder."[41] An individual with primary headache disorder could meet the signs and limitations detailed in Listing 11.02, although it would be "uncommon."[42]

In this case the Administrative Law Judge considered the relevant listing, stating: "I did consider [L]isting 11.02 regarding [Plaintiff's] migraines and found the requirements for the listing were not met."[43] Thus, the ALJ concluded that Plaintiff did not meet or equal Listing

---

impairments that would prevent an adult, regardless of his age, education, or work experience, from performing <u>any</u> gainful activity not just 'substantial gainful activity.'") (citation and internal quotation omitted) (emphasis in original).

[37] 20 C.F.R. §§ 404.1525; 404.1526(b)(2)-(3).

[38] *Zebley,* 493 U.S. at 530 (emphasis in original).

[39] SSR 19-4p; 2019 SSR LEXIS 6 at *16 ("Primary headache disorder is not a listed impairment in the [listings]").

[40] *Id.* at *19.

[41] *Id.* at *16.

[42] *Id.*

[43] ECF No. 7-2 at 13.

7

11.02.

### The ALJ Properly Articulated Why He Found Plaintiff Did Not Equal Listing 11.02.

Next, Plaintiff argues the Administrative Law Judge erred at Step three because he used "boilerplate language" to articulate his findings and failed to provide any meaningful analysis. While additional information may have been beneficial, the ALJ sufficiently articulated why Plaintiff did not equal Listing 11.02. In doing so, the ALJ considered the listing, found Plaintiff did not meet the listing's requirements, stated there was no acceptable medical source that concluded Plaintiff's impairments equaled a listed impairment and indicated that Plaintiff's own attorney did not advocate in favor of a medical listing.[44]

Plaintiff looks for support for her position from *Henderson v. Astrue*.[45] In that case, the reviewing court concluded that the ALJ failed to satisfy his duty at Step three when he made "summary conclusions" about claimant's ability to meet a listing and failed to discuss any of the particular evidence relied upon.[46] But *Henderson* is distinguishable. In *Henderson*, the Administrative Law Judge failed to provide *any* explanation, simply stating that, "as borne out in the description of medical evidence" the claimant does not meet or equal a listing.[47] To the contrary, ALJ Bruce articulates several reasons as to why Plaintiff does not meet a listing (e.g. failure to designate acceptable medical source, representative not advocating for medical listing). And further, even assuming the Administrative Law Judge's Step three findings were

---

[44] ECF No. 7-2 at 13.

[45] 383 Fed. Appx. 700, 702 (10th Cir. 2010).

[46] *Id.* at 702; *see also, Clifton v. Chater,* 79 F.3d 1007, 1009 (10th Cir. 1996) (remand appropriate where Administrative Law Judge failed "to discuss the evidence and explain why he found that appellant was not disabled at step three.").

[47] *Id.*

conclusory, the remainder of the ALJ's Decision provides substantial evidence to support a finding that Plaintiff did not equal Listing 11.02.[48]

### The ALJ Reasonably Concluded Plaintiff Did Not Equal Listing 11.02 During The Relevant Time Period.

No medical expert opined that Plaintiff equaled Listing 11.02. To the contrary, two separate State agency medical consultants specifically considered Listing 11.02, but found Plaintiff did not equal that listing.[49] Additionally, none of Plaintiff's treating providers offered an opinion regarding the listings or her functional abilities and, at the administrative hearing, Plaintiff's counsel did not argue that her migraines satisfied the listing requirements, instead stating "I don't think it's a step-three case."[50]

Further, Plaintiff has not shown during the relevant and somewhat narrow time frame --- from August 1, 2020 through March 31, 2021 (Plaintiff's date last insured)--- that she had

---

[48] *Fischer--Ross v. Barnhart,* 431 F.3d 729, 733 (10th Cir. 2005) ("An ALJ"s findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment.").

[49] Tr. 71, ECF No. 7-3, March 31, 2002 Disability Determination Explanation; Tr 79, ECF No. 7-3, May 7, 2002 Disability Determination Explanation.

[50] Tr. 34-35, ECF No. 7-2 ("ALJ: Thank you. Counsel, I see our period of review is 8/1 of 2020 to the date last insured of 3/31/2021 and with that period in time, what do you see [as] severe impairments? Are there citations you would point to? ATTY: She does have back and neck pain, anxiety, ADHD, and insomnia, a lot of complaints, but the main issue is her vestibular headaches that [are] talked about virtually throughout the entire record. Her vestibula migraines cause dizziness, vertigo, sometimes pain as well so I don't think it's a step-three case. I think it's step-five case based on issues with absenteeism, off-task time, stuff like that."); *Branum v. Barnhart,* 385 F.3d 1268, 1271 (10th Cir. 2004) (when a claimant is represented by counsel "the ALJ should ordinarily be entitled to rely on the claimant's counsel to structure and present claimant's case in a way that the claimant's claims are adequately explored and the ALJ may ordinarily require counsel to identify the issue or issues requiring further development.") (quoting, *Hawkins v. Chater,* 113 F.3d 1162, 1167 (10th Cir. 1997) (internal quotation omitted)).

headaches at the frequency and severity required by either Listing 11.02B or 11.02D.[51] Rather, as the ALJ noted, there was "little objective evidence of record" to support Plaintiff's alleged onset date.[52] Nonetheless, despite the limited evidence, the ALJ detailed the objective evidence of record and provided several reasons for discounting Plaintiff's subjective complaints of additional, disabling limitations.[53] Specifically, the ALJ concluded Plaintiff's positive response to treatment[54] and relatively normal activities of daily living weighed against a finding of disability.[55]

Plaintiff suggests she suffered from migraines since August 2020, her alleged disability onset date. But, aside from a brief reference to a "history of migraines" in November 2020,[56] the record is devoid of any specific complaints of headaches or a migraine diagnosis until late 2021 (when she was diagnosed with vestibular migraines), after her date last insured.[57] In turn, Plaintiff asserts there is sufficient evidence to support a finding that she equaled Listing 11.02. The majority of the citations offered in support of her claim, however, are after the date last

---

[51] Tr. 153; Tr. 167.

[52] Tr. 15 ("There is little objective medical evidence of record to support the alleged onset date of disability.").

[53] Tr. 14-16; 20 C.F.R. § 404.1529(c)(3)(i), (iv) and (v) (identifying daily activities, medications and treatment as factors used by ALJ when considering subjective symptoms).

[54] Tr. 16 ("claimant reported almost immediate improvement of her symptoms once beginning treatment.").

[55] *Id.* (noting claimant was able to "exercise consistently and travel to care for a sick relative.").

[56] Tr. 764, November 27, 2020 Daily Note, Amy Knuppe PT (claimant self-reported "history of migraines.").

[57] Tr. 312, October 26, 2021, Progress Note, Dr. Richard Stevens; Tr. 417, November 3, 2021 Vestibular Migraine diagnosis, Dr. Jamie George; Tr. 607, November 2, 2021 Daily Note Amy Knuppe Pt; Tr. 617, October 14, 2021 Daily Note, Amy Knuppe PT; Tr. 618 October 7, 2021 Daily Note Amy Knuppe PT; Tr. 624, October 5, 2021, Daily Note Amy Knuppe PT.

insured. As to the citations during the relevant period, the ALJ discussed those records and reasonably concluded they did not support greater limitations. Still, in the RFC, the ALJ went on to account for any migraine related symptoms and concluded that Plaintiff retained the capacity to perform a range of light work with additional postural, environmental and mental restrictions.[58]

Overall, Plaintiff fails to point to any evidence that was overlooked or disregarded by the Administrative Law Judge, instead simply arguing the ALJ should have reached a different conclusion. This, however, is not an appropriate ground for remand.[59]

## CONCLUSION

For the reasons discussed above, the Court AFFIRMS the Commissioner's decision denying Plaintiff's claim for disability benefits and DENIES Plaintiff's Motion for Review of Social Security Agency Action.[60]

Dated this 19th day of November, 2024.

_____
Dustin B. Pead, U.S. Magistrate Judge

---

[58] Tr. 13-14.

[59] *See Lax,* 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.") (internal quotation marks and citation omitted).

[60] ECF No. 10, Plaintiff's Motion for Review of Social Security Agency Action.